IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

AMY G.,                              §
      Plaintiff,                  §
                                      §
v.                                   §          No. 3:25-CV-2557-X-BW
                                      §
COMMISSIONER OF THE SOCIAL           §
SECURITY ADMINISTRATION,             §
      Defendant.                  §

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the court is Plaintiff's Corrected Unopposed Motion for Attorney Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), filed on April 17, 2026.  (*See* Dkt. No. 24 ("Motion") ("Mot.").)   Plaintiff previously filed a similar motion on February 16, 2026 (Dkt. No. 20), which was deemed deficient for various reasons.   (See Dkt. Nos. 21, 23.)  The corrected motion (Dkt. No. 24) resolves those deficiencies.

Pursuant to 28 U.S.C. § 636(b) and Special Order No. 3-251, this case has been referred to the undersigned United States magistrate judge for case management and recommendation on claim-dispositive motions.  (Dkt. No. 12.)

Having considered Plaintiff's motion, Defendant's non-opposition, and the applicable law, the undersigned **RECOMMENDS** that the motion (Dkt. No. 24) be **GRANTED** as set forth below.

## I. LEGAL STANDARDS

The "dual purpose" of the EAJA is "to ensure adequate representation for those who need it and to minimize the cost of this representation to taxpayers." *Baker v. Bowen*, 839 F.2d 1075, 1083 (5th Cir. 1988), *reh'g denied*, 848 F.2d 66 (5th Cir. 1988). Eligibility for a fee award under the EAJA requires, at a minimum, that the claimant be a prevailing party; that the Government's position was not substantially justified; that no special circumstances make an award unjust; and that any fee application be submitted to the court within 30 days of final judgment and be supported by an itemized statement. *Comm'r INS v. Jean*, 496 U.S. 154, 158 (1990); *Murkeldove v. Astrue*, 635 F.3d 784, 790 (5th Cir. 2011) (also noting the requirement that the claimant must "incur" attorney's fees); 28 U.S.C. § 2412(d)(1)(A), (B). A "final judgment" is a judgment that is final and not appealable. 28 U.S.C. § 2412(d)(2)(G).

## II. DISCUSSION

Under the EAJA, a court must award attorney's fees and expenses if: (1) the claimant is a "prevailing party," (2) the position of the United States was not "substantially justified," and (3) there are no special circumstances that make an award unjust. 28 U.S.C. § 2412(d)(1)(A); *Sims v. Apfel*, 238 F.3d 597, 599-600 (5th Cir. 2001). The award of attorney's fees must be reasonable. *See* 28 U.S.C. § 2412(b).

Plaintiff filed this case on September 22, 2025, pursuant to 42 U.S.C. § 405(g). (Dkt. No. 1.) Thereafter, the Commissioner filed an unopposed motion to remand

(Dkt. No. 17), and on January 26, 2026, this action was remanded to the Commissioner of the Social Security Administration pursuant to sentence four of 42 U.S.C. § 405(g) on the grounds set forth in the Commissioner's unopposed motion, and judgment was entered in favor of Plaintiff (Dkt. No. 19).

Here, because one of the parties is a United States officer sued in an official capacity as Commissioner of the Social Security Administration, the parties had 60 days from the court's entry of final judgment to file a notice of appeal—the point at which the court's entry of final judgment would become a nonappealable "final judgment" for EAJA filing purposes. § 2412(d)(2)(G).  The 60-day appeal period ended March 27, 2026 (60 days from January 26, 2026), and no notice of appeal was filed.  The undersigned finds, therefore, that Plaintiff's fee application is now timely filed for EAJA purposes.  Furthermore, the fee is appropriate as Plaintiff was the prevailing party in this action (Dkt. No. 19), and there is no evidence to suggest that the Commissioner's position was substantially justified.  *See* § 2412(d)(1)(B).

Having found that an EAJA fee award is appropriate, the undersigned turns to the amount of fees requested.  The award of attorney's fees must be reasonable.  *See* 28 U.S.C. § 2412(b).  The EAJA caps the hourly rate for attorney's fees at $125.00, "unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A).  Cost of living increase is specifically mentioned in the EAJA as a factor justifying a fee greater than $125.00 per hour.  Courts in this district have used a local Consumer Price Index ("CPI") published by the United States Department of Labor to track increases in cost of

3

living.  *See, e.g.*, *Hamblen v. Colvin*, 14 F. Supp. 3d 801, 809 (N.D. Tex. 2014).  The court determines the number of hours reasonably expended and then multiplies the adjusted hourly rate by the number of hours reasonably spent in the litigation.  *Meyer v. Sullivan*, 958 F.2d 1029, 1032–33 (11th Cir. 1992).

Here, Counsel requests an EAJA fee award in the amount of $9,310.00, which equates to 38 hours at the requested hourly rate of $245.00, and costs in the amount of $405.00.[1]  (S*ee* Mot. at 2, 5.)  Plaintiff has not provided a relevant CPI table, as is typically done for motions of this kind, for the Court's consideration in its assessment of the reasonableness of the requested fee or its relationship to the statutory cap.  The Court may consider, nonetheless, that the requested hourly rate of $245.00 falls below an hourly rate recently approved for work performed in the Dallas Division of the Northern District of Texas in 2025.  *See Muntrice M. v. Comm'r*, No. 3:24-CV-1162-BK, 2026 WL 1164692, at *1-2 (N.D. Tex. Apr. 29, 2026).  Plaintiff's requested hourly rate does not exceed the statutory cap, and Defendant does not oppose the amount of Plaintiff's request.  The Court therefore concludes that the amount to be recovered is reasonable.

Plaintiff requests that any fees awarded be made payable to Plaintiff's attorney (*see* Dkt. No. 24-2 at 1), but this Court and others in this Circuit have repeatedly held that an assignment or waiver executed by a plaintiff does not change the requirement

---

[1] Plaintiff's counsel provides a "Statement of Attorney Time Expended" reflecting 40.9 hours worked on this case in 2025 and 2026 (*see* Dkt. No. 24-1), but he explains that he "voluntarily reduced the amount of time for which EAJA fees are sought."  (Mot. at 2.)

that awards under the EAJA be made payable to the plaintiff, rather than to their attorney. *See, e.g.*, *L.D.W. v. Comm'r, Soc. Sec. Admin.*, No. 3:24-CV-271-BR, 2024 WL 4521201, at *2 (N.D. Tex. Oct. 17, 2024); *Cardona v. Comm'r of Soc. Sec.*, No. EP-21-CV-142, 2023 WL 2577200 (W.D. Tex. March 17, 2023); *Mikush v. O'Malley*, No. 4:24-CV-261, 2024 WL 4424797 (S.D. Tex. October 4, 2024). Accordingly, the award of attorney's fees shall be made payable to Plaintiff in care of Plaintiff's attorney. *See Astrue v. Ratliff*, 560 U.S. 586 (2010); *Jackson v. Astrue*, 705 F.3d 527, 531 n.11 (5th Cir. 2013).

For the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiff's motion for an award of attorney fees in the amount of $9,310.00 and costs in the amount of $405.00, pursuant to the EAJA (Dkt. No. 24), be **GRANTED**. The award of attorney's fees should be made payable to Plaintiff and sent in care of Plaintiff's attorney, David F. Chermol, Esq., Chermol & Fishman, LLC, 11450 Bustleton Avenue, Philadelphia, PA 19116. Such payment is subject to any offset under the Treasury Offset Program. Full or partial remittance of the awarded attorney fees will be contingent upon a determination by the government that Plaintiff owes no qualifying, preexisting debt to the government. If such a debt exists, the government will reduce the awarded attorney fees in this order to the extent necessary to satisfy such debt.

**SO RECOMMENDED** on May 12, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## NOTICE OF RIGHT TO OBJECT

A copy of these findings, conclusions, and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days of being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

6